By the Court.—Freedman, J.
The only question presented by the exceptions is whether the trial of the action should or should not have been postponed until after a trial by jury was had, of the issue arising upon defendant’s counter-claim.
*475 The action was brought for the foreclosure of a mortgage for $15,000, and interest. By his answer the defendant admitted all the facts set forth in the complaint, and then set up a counter-claim against the plaintiff for about $51,000, for a breach of contract, upon which he demanded an affirmative judgment. The plaintiff replied to the counter-claim. Both parties noticed the case for trial at special term, but when it was called for trial in its order upon the calendar, the defendant, before any evidence was given, demanded a trial by jury of the cause of action embraced in his counter-claim as his constitutional and legal right. The motion was denied upon the ground that the proper mode of apptying for a jury trial under such circumstances was by special motion to have issues framed and sent to a jury. To this ruling and denial of his motion, the defendant duly excepted.
The defendant then asked leave to make application at special term for the framing of issues. This motion was also denied, and the defendant duly excepted. The defendant thereupon withdrew from the case.
There can be no doubt that the claim of the defendant, as stated by the counter-claim, is one upon which, in a separate action directly brought upon it, he would be entitled to a jury trial as matter of right. But from this it by no means follows that he can rightfully claim the same mode of trial in the present action.
The constitutional right to a jury trial extends only to cases in which it existed prior to the adoption of the constitution. In the case at bar there is no such right, because the action is an equitable one which at all times was, and now is, triable by the court alone, formerly by the court of chancery, now by the court at special term, and because in the court of chancery of this state the right of set-off in such an action existed solely by virtue of the provisions of the ¡Revised Statutes (Chapman v. Robertson, 6 Paige, 627 ; Jennings v. Webster, 8 Ib. 504), which conferred no right of trial by jury, although the *476 court had discretionary power to frame a feigned issue and order that to be tried by a jury.
Since that time the practice in this respect has been considerably changed. The jurisdiction of courts of law and of courts of equity has been blended ; feigned issues have been abolished, and the practice of framing issues has been substituted, and the right to interpose counterclaims has been enlarged. It consequently remains to be seen whether there is any statutory ground for the contention of the defendant.
Section 974 of the Code of Civil Procedure provides that where the defendant interposes a counter-claim, and thereupon demands an affirmative judgment against the plaintiff, the mode of trial of an issue of fact, arising thereupon, is the same as if it arose in an action, brought by the defendant against the plaintiff, for the cause of action stated in the counter-claim, and demanding the same judgment.
This section, therefore, upon an issue arising-upon a counter-claim like the one in suit, confers a right of trial by j ary, because the defendant would be entitled to such a trial, if he were to bring an independent action upon the same claim.
But the right is a purely statutory one. The section is not mandatory upon the defendant. It gives him an option whether he will have such a trial or not. If he wishes to obtain the benefit of the statute in an action triable by the court alone, he must proceed to exercise his option and take certain steps. His remedy is under section 970, which provides that, where a party is entitled, by the constitution or by express provision of law, to a trial by a jury of one or more issues of fact, in an action not specified in section 968, he may apply upon notice to the court for an order, directing all the questions, arising upon those issues, to be distinctly and plainly stated for trial accordingly, and that thereupon the court must cause such issues to be distinctly and plainly stated. Section 968 does not help a defendant, in such a case to *477 escape from the necessity of making his motion or application, because, besides the actions of ejectment, for dower, for waste, for a nuisance, and to recover a chattel, it covers only cases in which the complaint demands judgment for a sum of money.
The fact is that the different provisions of the Code of Civil Procedure, bearing upon the point under consideration, can be harmonized in no other way than by holding that the only remedy of a defendant in such a case is under section 970. This alone would be sufficient to call for the construction of section 974 hereinbefore contended for. But there are additional considerations of great weight. The character of an action, and the mode of trial of the issues of fact tendered by the complaint therein, are in every case determined by the complaint. The intent of section 974 is to enable a defendant to have his counter-claim considered in the disposition of plaintiff’s case, whether such case be of a legal or equitable nature. In other words, the defendant may, in all cases, have his counter-claim determined in connection with the claim made by the plaintiff as one of the issues in the case. But this involves that the defendant must proceed in such a way that the court can do it without unnecessarily delaying the plaintiff’s case upon the main issue. If the cause of action brought by a plaintiff into court is one which must be determined by the court without a jury, the counter-claim of the defendant, though it may be triable by jury at the option of the defendant, must be presented at the trial of the main issue in such a shape that due effect can be given to it at the close of plaintiff’s evidence. For these reasons it would be unjust to construe section 974 to mean that the defendant in such a case, after the joinder of issue upon the counter-claim, may sit still for months, until the case is reached for trial in its order upon the special term calendar, then try plaintiff’s side of the case, which is the main issue, and after all that, when defeated upon that, claim a jury trial upon his separate issue, and thus prevent a final judgment for many more *478 months, if not years. But this is what the defendant’s contention upon the present appeal amounts to, especially in view of the fact that his answer contains an express admission of all the material allegations of plaintiff’s complaint.
From what has already been said, it sufficiently appears that defendant’s remedy to obtain a jury trial upon his counter-claim, was by special motion under section 970. Such motion, under Bule 81 of the General Buies of Practice, should have been made within ten days after joinder of issue. By failing to thus move for the framing of issues, and by giving notice of trial for the special term, the defendant waived his light to a jury trial under section 974. After it had been waived, and when the case was actually called for trial in its order upon the calendar, it was discretionary with the court to grant a postponement of the trial for the sole purpose of enabling the defendant to do what he might have done long before. The case discloses no reason why the exercise of that discretion should be disturbed. The defendant, by refusing to litigate his counter-claim and withdrawing from the case, preserved his right to enforce it in a separate and independent action.
The judgment appealed from should be affirmed, with costs.
Van* Vorst, J., concurred.